Oliva-Oliva v. Garland

BIA
Verrillo, IJ
A208 281 630

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges.*

_____

EDGAR FERNANDO OLIVA-OLIVA,
> *Petitioner,*

> v.                                    20-1319
>                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert C. Ross, Esq., West Haven, CT.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Keith I. McManus, Assistant Director;

Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Edgar Fernando Oliva-Oliva, a native and citizen of Guatemala, seeks review of a March 24, 2020 decision of the BIA that affirmed a September 12, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edgar Fernando Oliva-Oliva*, No. A208 281 630 (B.I.A. Mar. 24, 2020), *aff'g* No. A208 281 630 (Immigr. Ct. Hartford Sept. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence, and questions of law de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A. Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, an applicant must show that he suffered past persecution, or has a well-founded fear or likelihood of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A). The agency reasonably concluded that Oliva-Oliva failed to demonstrate that gang members targeted him on account of his political opinion.

To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). However, "opposition to criminal

3

elements such as gangs, even when such opposition incurs the enmity of these elements, does not . . . become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

Oliva-Oliva's "[r]efus[al] to join a gang without more does not constitute a political opinion." *Id.* at 200 (internal quotation marks omitted). His "sole 'political' statement," *id.* at 201, was that he disapproves of the gang that targeted him and believes the gang is bad for Guatemala. "But disapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion." *Id.* And Oliva-Oliva did not allege that the gang "possesses an ideology or stance that he opposes, that he has a particular stake in how gangs operate, or [that he has] a position on how governance in [Guatemala] ought to occur." *Id.* at 203 (internal quotation marks omitted). His statements to the gang are insufficient to establish that his resistance "took on a political dimension by transcending mere self-protection." *Id.* (internal quotation marks omitted). Accordingly, because Oliva-Oliva failed to establish that he was or would be targeted on account of his political opinion, the agency did not err in

concluding that he was ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A).

B. CAT Claim

Unlike asylum and withholding of removal, CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). To be eligible for CAT relief, an applicant is required to show that he would "more likely than not" be tortured by or with the acquiescence of government officials. *Id.* §§ 1208.16(c), 1208.18(a); *see Khouzam v. Ashcroft*, 361 F.3d 161, 168, 170–71 (2d Cir. 2004). In assessing whether an applicant has satisfied his burden of proof, the agency must consider "all evidence relevant to the possibility of future torture," including evidence of past torture, ability to relocate, violations of human rights within the country of removal, and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). "Acquiescence 'requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.'" *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592

5

(2d Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(7)).

The agency failed to evaluate any of the country conditions evidence relevant to Oliva-Oliva's CAT claim. While the agency "need not expressly parse or refute on the record each piece of evidence offered by the petitioner, there must be some indication of reasoned consideration and adequate findings." *Scarlett v. Barr*, 957 F.3d 316, 329 (2d Cir. 2020) (internal quotation marks and alterations omitted). The IJ's CAT analysis consists of two sentences, one stating the standard and a second concluding the standard was not met. The only explanation for denying CAT relief was provided by the BIA, when it noted that Oliva-Oliva did not report the gang's threats to police. But, as we have explained, "a failure to ask for police help is not enough, by itself, to preclude a finding of acquiescence." *Quintanilla-Mejia*, 3 F.4th at 593. Moreover, the agency otherwise failed to conduct the careful factfinding necessary for an acquiescence determination by failing to acknowledge any of Oliva-Oliva's country conditions evidence in the context of its CAT analysis. Oliva-Oliva proffered evidence that a majority of the police force in Guatemala is unreliable, that widespread corruption and impunity make

6

prosecuting criminals difficult, that police are unable to enter certain neighborhoods controlled by the gangs, and that the Guatemalan government is unable to respond to or prevent crime due to a lack of police training and funding. The agency's failure to engage with this material fell far short of the "minimum level of analysis to allow for meaningful judicial review[,]" and so we remand for further consideration of the CAT claim. *Scarlett*, 957 F.3d at 329 (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED in part as to asylum and withholding of removal and GRANTED in remaining part, and the case is REMANDED for reconsideration of the CAT claim. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court